[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15384
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00003-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS STEVENS,
a.k.a. Judog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Julius Stevens appeals pro se the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction. The district court concluded that Amendment 706 to the Sentencing Guidelines did not reduce his sentencing range, which was based on his career offender designation. After careful review, we AFFIRM.

## I. BACKGROUND

Stevens pled guilty in 1999 to conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. Stevens was held accountable for at least 50 grams of crack cocaine, which set his base offense level at 32 under U.S.S.G. § 2D1.1(c). His qualification as a career offender under U.S.S.G. § 4B1.1, however, elevated his base offense level to 37 and his criminal history category to VI. After subtracting three levels for acceptance of responsibility and timely notification of his intention to plead guilty, Stevens's total offense level was 34 and his sentencing range was 262 to 327 months of imprisonment. The court sentenced him to the low-end range of 262 months in prison.

In April 2008, Stevens, through counsel, filed a § 3582(c)(2) motion to reduce his sentence. Stevens asserted that his base offense level should be reduced two levels under Amendment 706, thereby reducing his sentencing guidelines range. The district court determined that Amendment 706 did not affect Stevens's

2

career offender sentencing calculation, and even if it did, Stevens's original sentence was reasonable and sufficient. Accordingly, the district court denied his § 3582(c)(2) motion. Stevens now appeals.

## II. DISCUSSION

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion, and its legal interpretations de novo. See United States v. Williams, 549 F.3d 1337, 1338-39 (11th Cir. 2008) (per curiam). Pursuant to § 3582(c)(2), a district court may reduce a defendant's sentence that was based on a guideline sentencing range which the Sentencing Commission has subsequently lowered. See 18 U.S.C. § 3582(c)(2). Amendment 706 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) by reducing the base offense levels for certain drug offenses. See United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008), cert. denied, ___ U.S. ___, ___ S. Ct. ___ (2009). Amendment 706 had no impact on the career offender provision of U.S.S.G. § 4B1.1, however. See id. at 1330. Consequently, a defendant is not eligible for a sentence reduction under Amendment 706 if his sentence was based on the career offender provision under § 4B1.1, rather than on the amount of drugs attributable to him under § 2D1.1(c) . See id.

Our independent review of the record confirms the district court's finding that Stevens was sentenced as a career offender. Because the court did not utilize

3

his base offense level calculated under § 2D1.1(c) to determine his guideline sentencing range, Stevens's sentence was not based on the amount of drugs involved. Consequently, Amendment 706 had no effect on Stevens's sentence and did not entitle him to a sentence reduction. See id. (affirming the denial of § 3582(c)(2) motions because "although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1").

Stevens raises two new issues in his reply brief: (1) his sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2848 (2000), and (2) the district court should have considered the racial disparity in the treatment of crack and powder cocaine offenses discussed in Kimbrough v. United States, ___U.S. ___, 128 S. Ct. 558 (2007). We generally will not address issues raised for the first time in a reply brief. See United States v. Valladares, 544 F.3d 1257, 1269 n.2 (11th Cir. 2008) (per curiam). In any event, both arguments are outside the scope of a § 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (concluding that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues"); United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009) (per curiam), petition for cert. filed (Feb. 10, 2009) (No. 08-8664) (concluding that Kimbrough does not apply to § 3582(c)(2)

4

proceedings because it only addressed the crack/powder disparity with respect to original sentencing proceedings).

## III. CONCLUSION

The sentencing range upon which Stevens's sentence was based is unchanged by Amendment 706 because he qualified as a career offender. The district court thus correctly concluded that Stevens was ineligible for a sentence reduction under Amendment 706. Accordingly, we AFFIRM the district court's order denying his § 3582(c)(2) motion.

**AFFIRMED.**